# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

INVESTISSEMENT YVES AUCLAIR,
INC.,

      **Plaintiff,**

**v.**               **Case No:   6:17-cv-2131-Orl-41KRS**

MLM EXPERTS, LLC, RICK JAMES and
CHANTEL JAMES,

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration *sua sponte* based upon the Court's review of the case for subject-matter jurisdiction.   The United States Court of Appeals for the Eleventh Circuit has instructed district courts "to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist."   *Gilchrist v. State Farm Auto. Mut. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004) (citations omitted).

    In the present case, Plaintiff Investissement Yves Auclair, Inc. brought suit against Defendants MLM Experts, LLC ("MLM"), Rick James and Chantel James, alleging subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.   Doc. No. 1.

    The factual allegations of the complaint were deficient with regard to the citizenship of the parties.   Plaintiff alleged that it is a Quebec corporation conducting business in Montreal, Quebec, Canada.   *Id.* ¶ 6.   Plaintiff alleged that MLM is "an inactive Florida limited liability company which was conducting business in Altamonte Springs, Seminole County, Florida . . . and was

administratively dissolved . . . on September 22, 2017." *Id.* ¶ 7.  Plaintiff alleged, on information and belief, that Rick and Chantel James reside in Port Orange, Florida, that they "are the owners of MLM," and that Chantel James is "a manager of MLM."  *Id.* ¶¶ 7-9.

For purposes of diversity jurisdiction, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  By contrast, a limited liability company is not, without more, a citizen of the state that created the entity or the state where it has its principal place of business; instead, an LLC is a citizen of every state in which each of its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citations omitted) (for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen).  As for individual litigants, a plaintiff must allege the individuals' citizenship rather than residence.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).  The allegations in Plaintiff's complaint did not provide the information necessary to determine the citizenship of the parties under these principles and therefore were insufficient to establish diversity jurisdiction.

On December 14, 2017, I entered an Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction.  Doc. No. 5.  In that Order, I explained that the Court could not determine whether diversity of citizenship exists because Plaintiff had not informed the Court of its principal place of business or established that it is incorporated only in Quebec. Plaintiff also had not identified all the members of MLM, thus making it impossible for the Court to determine MLM's citizenship.  Finally, Plaintiff had not established the citizenship of Rick and Chantel James by alleging their domicile.  I required Plaintiff to respond to the Order by presenting

sufficient evidence for the Court to determine the citizenship of each party in accordance with the principles set forth in the Order and governing law.   *Id.*

Plaintiff filed a response supported by affidavits from Yves Auclair and Kelsie W. Willett. Doc. Nos. 8, 9, 10.   The response established Plaintiff's citizenship by stating that it is incorporated in the province of Quebec and has its principal place of business there as well.   Doc. No. 8, ¶ 3. Plaintiff also sufficiently established that Rick and Chantel James are domiciled in Florida by showing they are both registered to vote in Florida, have bank accounts in Florida, own real property in Florida, and have listed the address of that real property as their address for the purpose of their voter's registration and payment of property taxes.   *Id.* at ¶¶ 6-18.

Plaintiff's response did not adequately establish MLM's citizenship, however.   Plaintiff stated, "[u]pon information and belief, Defendants Rick and Chantel James are the *sole owners* of MLM EXPERTS, LLC."   Doc. No. 8 at ¶ 19 (emphasis added).   Because Rick and Chantel James are citizens of Florida, Plaintiff concluded that MLM is also a Florida citizen.   Plaintiff further stated that, "[u]pon information and belief, MLM EXPERTS, LLC, does not have any members who are citizens of Quebec, Canada and maintains no nexus to Quebec, Canada beyond its dealings with the Plaintiff herein."   *Id.* at ¶ 21.   These allegations were insufficient for several reasons. First, allegations based "upon information and belief" are not a substitute for establishing jurisdictional facts.   *White v. Impac Funding Corp.*, No. 6:10-cv-1780-ORL-28DAB, 2011 WL 836947, at *3 (M.D. Fla. Feb. 15, 2011) (citation omitted), *report and recommendation adopted*, No. 6:10-cv-1780-ORL-28DAB, 2011 WL 861172 (M.D. Fla. Mar. 9, 2011).   Likewise, "it is well established that parties seeking to invoke a federal court's diversity jurisdiction cannot establish diversity in the negative as an affirmative identification of citizenship is necessary to assure that the adverse party is a citizen of a 'state,' as defined for purposes of 28 U.S.C. § 1332."   *Winn-Dixie*

*Stores, Inc. v. LJD&A Corp.*, No. 3:13-cv-1172-J-34JRK, 2013 WL 12170284, at *2 (M.D. Fla. Sept. 30, 2013); *cf. Cameron v. Hodges*, 127 U.S. 322, 325 (1888) ("[The United States Supreme Court] has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular state in which it is claimed. . . ."). Finally, Plaintiff alleged that Rick and Chantel James are the sole owners of MLM, not its sole members.

Based on the continued insufficiency of the allegations of MLM's citizenship, I again ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction by submitting evidence of MLM's citizenship.   Doc. No. 11.   Plaintiff filed a response that was supported by an affidavit from Kelsie W. Willett.   Doc. Nos. 14, 15.   In that response, Plaintiff states that the only publicly available information about MLM demonstrates that MLM's principal address, the address for its registered agent, and the addresses for its managers are all located in Florida.   Doc. No. 14 ¶ 4.   Plaintiff states that MLM's articles of organization do not identify its members.   *Id.* ¶ 5.   Plaintiff requests that the Court find that this information is sufficient to establish that the parties are diverse from each other.   However, based on the principles set forth above, Plaintiff still has not established MLM's citizenship.

Alternatively, Plaintiff requests leave to conduct discovery limited to the issue of MLM's citizenship.   While the burden of adequately alleging diversity jurisdiction presents practical difficulties for Plaintiffs, the Eleventh Circuit has stated that this is not a basis for allowing jurisdictional discovery in a diversity case.   Noting the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11, as well as the policy and assumptions that flow from and underlie them, in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit stated as follows:

> [W]e begin with the paradigmatic case of a plaintiff filing an original
> diversity action in federal court. . . . [T]he party who invokes the jurisdiction of the

court has the burden of establishing jurisdiction.   Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction.   The plaintiff's factual allegations are subject to Rule 11's command — under pain of sanctions — that the "allegations and   other factual contentions have, [or are likely to have following discovery,] evidentiary support[.]"   By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court.   Because counsel is subject to Rule 11 sanctions, we assume that this representation is made in good faith and that the plaintiff has factual bases for believing that the federal court has jurisdiction to hear the claims.

Despite the plaintiff's representation and our assumption of good faith, if a material element required for either the substantive claim or the court's subject matter jurisdiction is missing from the complaint, the defendant may move to dismiss.   If the plaintiff's counsel concedes that the plaintiff lacks the evidence necessary to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction.   In either case, without further discovery, counsel cannot in good faith amend the complaint to provide the missing element.   In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request.   In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had — but did not — before coming through the courthouse doors, even though the court would have the inherent power to do so.   In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.

*Id.* at 1216.

Here, Plaintiff acknowledges that it cannot currently identify MLM's members.   Under *Lowery*, the Court should not grant jurisdictional discovery to allow Plaintiff to discover information it should have acquired prior to filing suit.   *Id.*; *see also Epstein Becker & Green, P.C. v. Scantech Holdings, LLC*, No. 1:17-cv-01080-WSD, 2017 WL 1488350, at *1 (N.D. Ga. Apr. 26, 2017) (declining to let plaintiff engage in jurisdictional discovery to determine membership of defendant limited liability companies).

It is incumbent upon the pleader to "affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"   *Taylor*, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).   As explained in

the Orders to Show Cause, Plaintiff's complaint fails to meet this standard because MLM's citizenship cannot be determined from Plaintiff's allegations.   While defective pleading allegations may be cured if there is evidence in the record supporting a finding that the Court can exercise jurisdiction, Plaintiff has failed to provide information necessary to determine whether the exercise of jurisdiction is appropriate, and the case therefore must be dismissed.   *See Travaglia v. Am. Exp. Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (citations omitted) (court must dismiss action for lack of subject-matter jurisdiction unless pleadings or record evidence establishes jurisdiction).

Accordingly, I **RESPECTFULLY RECOMMEND** that Plaintiff's complaint be **DISMISSED without prejudice** for want of subject-matter jurisdiction and that all pending motions be denied as moot.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on January 25, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE