UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INVESTISSEMENT YVES AUCLAIR, INC.,**

       **Plaintiff,**

v.                                            **Case No: 6:17-cv-2131-Orl-41KRS**

**MLM EXPERTS, LLC, RICK JAMES and CHANTEL JAMES,**

       **Defendants.**
                                        /

**ORDER**

THIS CAUSE is before the Court on the Report and Recommendation (Doc. 16), filed by United States Magistrate Judge Karla R. Spaulding, and Plaintiff's Objections thereto (Doc. 17). Plaintiff's Complaint (Doc. 1) invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 2; *see also generally id.* (asserting non-federal question claims for breach of contract and unjust enrichment)). However, the Complaint failed to adequately allege Defendants' citizenships, and Judge Spaulding issued an Order to Show Cause (Doc. 5) as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff sufficiently established the individual Defendants' citizenships in its Response (Doc. 8) but failed to adequately address the citizenship of Defendant MLM Experts, LLC ("MLM"). Thus, Judge Spaulding issued a second Order to Show Cause (Doc. 11), requiring Plaintiff to address the citizenship of MLM. In Plaintiff's Response (Doc. 14), Plaintiff indicated that it was unable to obtain any additional information about MLM's citizenship and requested that it be permitted to conduct jurisdictional discovery. Judge Spaulding then issued her Report and Recommendation, in which she recommends that this Court deny Plaintiff's request for jurisdictional discovery and dismiss this case for lack of subject

matter jurisdiction. (*See generally* Doc. 16). In Plaintiff's Objection, it does not contest that jurisdictional discovery should not be granted here. (Doc. 17 at 3). Instead, Plaintiff requests that the Court find the limited evidence regarding MLM's citizenship to be sufficient or, in the alternative, to dismiss only MLM and allow the case to proceed against the individual Defendants.

First, as Judge Spaulding noted, the evidence regarding MLM is insufficient, and the Court will not engage in speculation with regard to MLM's citizenship. As to Plaintiff's request that this Court dismiss only MLM, Plaintiff has not established that such a dismissal is appropriate. Under these circumstances, a non-diverse party may only be dismissed if it is either not a required party, or it is dispensable. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000); *see also* Fed. R. Civ. P. 19(b). And, where a party is required but dispensable, the power to dismiss the party "is to be used sparingly, and the court should carefully consider whether one of the parties will be prejudiced by the dismissal." *Iraola & CIA, S.A.*, 232 F.3d at 861. Plaintiff has not cited any legal authority in its Objection and entirely fails to address whether MLM is a required and indispensable party and whether MLM can permissibly be dismissed.

Between its Complaint, the Responses to the Orders to Show Cause, and the Objection to the Report and Recommendation, Plaintiff has now been given four separate opportunities to establish that this Court can properly exercise subject matter jurisdiction, and it has repeatedly failed to do so. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 16) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.
3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2018.



Copies furnished to:

Counsel of Record
Unrepresented Party